CASE NO. 25-10453-G

---

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

---

**MARITZA REYES,**
**Plaintiff/Appellant,**

v.

**THE FLORIDA AGRICULTURAL AND MECHANICAL**
**UNIVERSITY BOARD OF TRUSTEES,**
**Defendant/Appellee.**

---

## ON APPEAL FROM THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### District Court Case No. 6:22-cv-1525-WWB-DCI

---

## APPELLEE'S ANSWER BRIEF

---

### GRAYROBINSON, P.A.

KRISTIE HATCHER-BOLIN, ESQ.
Florida Bar No.: 521388
One Lake Morton Drive
Lakeland, Florida 33801
(863) 284-2251 telephone
(863) 683-7462 facsimile

RICHARD E. MITCHELL, ESQ.
Florida Bar No.: 0168092
SARAH P.L. REINER, ESQ.
Florida Bar No.: 520195
JULIE ZOLTY, ESQ.
Florida Bar No. : 1036454
301 East Pine Street, Suite 1400
Orlando, Florida 32801
(407) 843-8880 telephone
(407) 244-5690 facsimile

*Attorneys for Appellee, The Florida Agricultural and Mechanical University Board of Trustees*

## CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

I hereby certify the following is a complete list of the district court judges, attorneys, persons, associations of persons, firms, partnerships, corporations (including subsidiaries, conglomerates, affiliates, parent corporations, and any publicly held corporation owning 10% or more of the party's stock), and other identifiable legal entities related to a party that have an interest in this case. The Florida Agricultural and Mechanical University Board of Trustees ("FAMU") is a Florida public body corporate, and is not publicly traded, nor does it have any subsidiaries, affiliates, or related business entities.

1. Berger, Wendy W. – United States District Judge, Middle District of Florida, Orlando Division;

2. GrayRobinson, P.A.—Attorneys for Defendant/Appellee;

3. Hatcher-Bolin, Kristie—Attorney for Defendant/Appellee;

4. Hoffman Price, Leslie – United States Magistrate Judge, Middle District of Florida, Orlando Division;

5. Irick, Daniel C. – United States Magistrate Judge, Middle District of Florida, Orlando Division;

6. Kidd, Embry J. — Former United States Magistrate Judge, Middle District of Florida, Orlando Division;

7.    Mitchell, Richard E.—Attorney for Defendant/Appellee;

8.    Reiner, Sarah P.L.—Attorney for Defendant/Appellee;

9.    Reyes, Maritza—Plaintiff/Appellant;

10.   Spradley, Susan T.—Attorney for Defendant/Appellee

11.   The Florida Agricultural and Mechanical University Board of Trustees—Defendant/Appellee;

12.   Zolty, Julie M.—Attorney for Defendant/Appellee;

## <u>STATEMENT REGARDING ORAL ARGUMENT</u>

Appellee respectfully suggests oral argument is not necessary for this Court to resolve the issues raised in this Appeal.

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT ...................................................................... ii

STATEMENT REGARDING ORAL ARGUMENT ........................................... iv

TABLE OF CONTENTS ........................................................................ v

TABLE OF CITATIONS ..................................................................... vii

STATEMENT OF JURISDICTION ......................................................... 1

STATEMENT OF THE ISSUES ............................................................. 2

STATEMENT OF THE CASE ............................................................... 3

I. Appellant's Complaint and Amended Complaints ........................... 3

II. FAMU's Summary Judgment Motion and Appellant's Response ................. 5

III. Appellant moves to file a corrected response and to extend the CMSO deadlines after their expiration ........................................................ 6

IV. The District Court Grants FAMU's Summary Judgment Motion .................. 7

STATEMENT OF THE FACTS .............................................................. 8

I. FAMU's Tenure and Promotion Process ........................................ 8

II. Appellant's employment, promotion, and tenure at FAMU ..................... 9

III. Appellant's Charge of Discrimination, continued employment with FAMU, and eventual promotion to Full Professor ......................................... 10

STANDARD OF REVIEW ................................................................. 13

SUMMARY OF THE ARGUMENT ....................................................... 13

ARGUMENT .................................................................................. 15

I.      The District Court properly granted summary final judgment on all counts of the Second Amended Complaint ..................................................................15

II.     The District Court properly denied Appellant's Motion to Replace her Response in Opposition to FAMU's summary judgment motion with supplemental evidence .................................................................................19

III.    The District Court properly denied Appellant's Motion to Reopen Discovery ......................................................................................................................23

CONCLUSION ..........................................................................................................25

CERTIFICATE OF COMPLIANCE ........................................................................26

CERTIFICATE OF SERVICE ................................................................................28

# TABLE OF CITATIONS

## UNITED STATES SUPREME COURT

*Anderson v. Liberty Lobby*,
447 U.S. 242 (1986)........................................................................ 15, 16

*Celotex Corp. v. Catrett*,
477 U.S. 317 (1986)............................................................................ 15

*Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*,
507 U.S. 380 (1993)........................................................................ 19-20

## UNITED STATES CIRCUIT COURTS OF APPEALS

*Advanced Estimating Sys. v. Riney*,
77 F.3d 1322 (11th Cir. 1996) ...............................................................19

*Chudasama v. Mazda Motor Corp.*,
123 F.3d 1353 (11th Cir. 1997) .............................................................21

*Combs v. Plantation Patterns*,
106 F.3d 1519 (11th Cir. 1997) .............................................................18

*Davidson v. MTD Prods. Co.*,
No. 24-11504, 2025 WL 289477 (11th Cir. Jan. 24, 2025)....................24

*DeBose v. USF Bd. of Trs.*,
811 F. App'x 547 (11th Cir. 2020) ........................................................18

*Deepwater Horizon BELO Cases*,
119 F.4th 937 (11th Cir. 2024) ..............................................................24

*Destra v. Demings*,
725 F. App'x 855 (11th Cir. 2018)....................................................13, 23

*Glover v. City of Pensacola*,
372 F. App'x 952 (11th Cir. 2010)................................................17, 20, 21

*Hickson Corp. v. N. Crossarm Co.*,
357 F.3d 1256 (11th Cir. 2004) ............................................................15

*Josendis v. Wall to Wall Residence Repairs, Inc.*,
662 F.3d 1292 (11th Cir. 2011) ...........................................................13

*Mendoza v. Borden, Inc.*,
195 F.3d 1238 (11th Cir. 1999) ...........................................................18

*Oravec v. Sunny Isles Luxury Ventures, L.C.*,
527 F.3d 1218 (11th Cir. 2008) ...........................................................19

*Owen v. I.C. Sys., Inc.*,
629 F.3d 1263 (11th Cir. 2011) ...........................................................13

*Payne v. C.R. Bard, Inc.*,
606 F. App'x 940 (11th Cir. 2015) .......................................................19

*Sosa v. Airprint Sys., Inc.*,
133 F.3d 1417 (11th Cir. 1998) ..............................................13, 19, 23

*Tynes v. Fla. Dep't of Juv. Just.*,
88 F.4th 939(11th Cir. 2023) ...............................................................18

*Walker v. Darby*,
911 F.2d 1573 (11th Cir. 1990) ...........................................................15

**UNITED STATES DISTRICT COURTS**

*Forstmann v. Culp*,
114 F.R.D. 83 (M.D.N.C. 1987) .......................................................... 23

*Payne v. Ryder Sys., Inc. Long Term Disability Plan*,
173 F.R.D. 537 (M.D. Fla.1997)...........................................................23

**<u>RULES:</u>**

11th Cir. R. 31-3 ................................................................................28

11th Cir. R. 32-4 ................................................................................26

Fed. R. App. P. 25 .................................................................28

Fed. R. App. P. 32 .................................................................26

Fed. R. Civ. P. 6 ...................................................................19

Fed. R. Civ. P. 16 .................................................................23

Fed. R. Civ. P. 56 ..............................................13, 15, 17

M.D. Fla. Loc. R. 3.01 ...................................................17, 20

**STATUTES**

28 U.S.C. § 1291 ...................................................................1

28 U.S.C. § 1331 ...................................................................1

42 U.S.C. § 2000e ..................................................................1

# STATEMENT OF JURISDICTION

The appeal before this Court is from a January 10, 2025, final order of the United States District Court for the Middle District of Florida, Orlando Division, granting summary final judgment in favor of Appellee, The Florida Agricultural and Mechanical University Board of Trustees, on Appellant, Maritza Reyes' Second Amended Complaint. (Doc. 153).[1]  The District Court exercised jurisdiction over Appellant's claims pursuant to 28 U.S.C. § 1331 for claims arising under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e.

This Court has appellate jurisdiction pursuant to 28 U.S.C. § 1291 as this is an appeal from a Final Judgment of the District Court rendered on January 13, 2025, and was timely appealed on February 10, 2025. (Docs. 154, 157).

---

[1] Record citations are to the District Court's docket entry number.

## <u>STATEMENT OF THE ISSUES</u>

I.    Whether the District Court erred in granting summary judgment in favor of Appellee on all counts of Appellant's Second Amended Complaint.

II.    Whether Appellant established excusable neglect under Federal Rule of Civil Procedure 6(b)(1)(B) for an enlargement of time to respond to Appellee's Motion for Summary Judgment, after the filing deadline expired.

III.    Whether Appellant established good cause under Federal Rule of Civil Procedure 16 to extend the Case Management Scheduling Order's deadline to file dispositive motions, after the filing deadline expired.

## STATEMENT OF THE CASE

Appellee, The Florida Agricultural and Mechanical University Board of Trustees ("FAMU"), maintains Appellant, Maritza Reyes's ("Appellant"), "Statement of the Case" and "Statement of the Facts" focus on myriad allegations that are: (i) immaterial and irrelevant to the District Court's findings and legal rulings; (ii) seek to misdirect and confuse the issues in these proceedings; and (iii) mischaracterize the nature of proceedings and the District Court's determinations. In this light, FAMU includes its own Statement of the Case and Statement of the Facts to pinpoint on the key procedural facts and allegations on which the District Court's decisions were correctly founded.

## I. Appellant's Complaint and Amended Complaints

Appellant, proceeding *pro se*,[2] filed her original Complaint on August 25, 2022, in the United States District Court, Middle District of Florida, Orlando Division, containing 216 paragraphs of factual allegations and asserting 12 causes of action for employment discrimination against her then-employer, FAMU. (Doc. 1). On September 1, 2022, the District Court *sua sponte* dismissed the Complaint as a shotgun pleading and granted Appellant leave to amend. (Doc. 8). The

---

[2] Notably, Appellant has been a member of the Florida Bar since 2001, clerked in the United States District Court, Southern District of Florida, is admitted to practice in the Middle District of Florida, and taught Civil Procedure at FAMU's College of Law. *See* https://www.floridabar.org/directories/find-mbr/profile/?num=459951

District Court's Order specifically found the Complaint fell into the first and third categories of the shotgun pleading standard, and that each count reincorporated every allegation of the entire pleading, which made "it virtually impossible to discern which of the many facts alleged supports each claim." *Id.* at 2.

On September 12, 2022, Appellant filed her Amended Complaint, containing 333 paragraphs and 13 counts. (Doc. 10). On September 15, 2023, the District Court granted FAMU's Motion to Dismiss Plaintiff's Amended Complaint, finding the Amended Complaint remained a shotgun pleading because the factual allegations were "replete with conclusory and vague statements regarding various individuals' conduct spanning nearly fifteen years—not organized in a coherent and logical manner—making it difficult to understand how the numerous alleged actions by Defendant's faculty and staff are legally connected to her various causes of action." (Doc. 30 at 5). The District Court dismissed the Amended Complaint without prejudice, granting Appellant leave to file a Second Amended Complaint, but cautioning Appellant that failure to correct her pleading deficiencies may result in dismissal with prejudice. (Doc. 30).

On October 9, 2023, Appellant filed her Second Amended Complaint. (Doc. 34). On October 23, 2023, FAMU again moved to dismiss on the ground that Appellant's Second Amended Complaint, like the first two, remained a shotgun pleading. (Doc. 35).

## II.  FAMU's Summary Judgment Motion and Appellant's Response.

During the pendency of FAMU's Motion to Dismiss, FAMU complied with the Case Management Scheduling Order ("CMSO"), which set a May 31, 2024, deadline to complete discovery, and a dispositive motion deadline of July 2, 2024. (Doc. 26). In compliance with the CMSO, FAMU conducted discovery and filed a Motion for Summary Judgment on all counts of the Second Amended Complaint. (Doc. 76). Appellant filed three separate, *unopposed* motions for extension of time to respond to FAMU's summary judgment motion (Docs. 79, 82, 87), each of which the District Court granted. (Docs. 80, 83, 89).

Following these extensions, Appellant filed her Response in Opposition to FAMU's Motion for Summary Judgment on August 19, 2024. (Doc. 91). The Response, however, failed to refute FAMU's Statement of Undisputed Facts or cite evidence to support Appellant's claims. *Id.* Instead, the "Statement of Disputed Material Facts" in the Response merely lists general categories of alleged factual issues without evidentiary support. *Id.* at 3-5. On September 4, 2024, FAMU timely filed its Reply, noting these deficiencies, among others, and demonstrating to the District Court that Appellant failed to meet her burden to overcome summary judgment under Rule 56. (Doc. 93).

**III.** **Appellant moves to file a corrected response and to extend the CMSO deadlines after their expiration.**

On September 9, 2024, after the close of discovery and dispositive motions, the District Court denied FAMU's Motion to Dismiss the Second Amended Complaint (Doc. 35) on the basis that the complaint gave FAMU "adequate notice of her claims," and ordered FAMU to Answer the Complaint. (Doc. 94). FAMU timely filed its Answer on September 23, 2024. (Doc. 97).

On October 2, 2024, nearly a month after FAMU's summary judgment motion was fully briefed, Appellant filed a "time-sensitive" motion to file a "corrected response" to FAMU's summary judgment motion. (Doc. 102). Although Appellant's motion is predicated on the fact that she had vision problems and had to submit a "draft" response instead of a final edited version, her motion makes clear that she had not finished drafting her Response when she filed it and that she also sought to file multiple witness declarations, some of which (including her own) were obtained after her response deadline and were not timely filed with her original response. *Id.*

The District Court denied Appellant's motion to file a corrected response or any of the supporting declarations, finding she failed to establish good cause for the extension of time after the response deadline expired. (Doc. 124). In reaching this decision, the District Court noted that Appellant had requested three prior extensions for the same medical reason she cited for her alleged inability to file the

correct response. *Id.* The District Court also found a lack of diligence, concluding her request to file the corrected response was not a good faith attempt to correct an unedited draft, but instead an attempt to supplement her Response with additional evidence obtained *after* she had the benefit of FAMU's Reply. *Id.* at 3.

Despite the District Court's set discovery deadline of May 31, 2024, and dispositive motion deadline of July 2, 2024, on October 2, 2024, Appellant moved the District Court to reopen discovery and extend the dispositive motion deadline so she could conduct even more discovery and file dispositive motions addressing FAMU's Answer and Affirmative Defenses. (Doc. 105). The District Court denied the motion to extend the CMSO deadlines, finding Appellant once again failed to establish the diligence required under Federal Rule of Civil Procedure 16 to extend CMSO deadlines after their expiration. (Doc. 125).

### IV.    The District Court Grants FAMU's Summary Judgment Motion.

On January 10, 2025, the District Court granted FAMU's Motion for Summary Judgment on all counts of the Second Amended Complaint. (Doc. 153). The District Court found that Appellant did not dispute FAMU's Statement of Undisputed Facts with citations to record evidence and found insufficient her reliance on the mere allegations in her Second Amended Complaint. *Id.* Even though the District Court found Appellant failed to establish a prima facie case of disparate treatment discrimination, it further found that FAMU met its burden of

establishing a legitimate, non-discriminatory reason for denying her subject promotion, which Appellant was unable to show was mere pretext. *Id* at 8. As for the hostile work environment claims, the District Court correctly limited Appellant's complaints to 300 days prior to her EEOC Charge filing and declined to review her entire employment history with FAMU, which dated back to 2010. *Id.* The District Court likewise found summary judgment was appropriate on the hostile work environment claims as Appellant failed to show the alleged harassment was severe or pervasive. *Id.* at 11. Finally, as to her claim for retaliation, the District Court found Appellant failed to identify any instances of retaliatory conduct or the causal connection to her alleged protected activity. *Id.* at 13-14.

The Clerk entered Judgment in favor of FAMU on January 13, 2024. (Doc. 154). This appeal timely followed. (Doc. 157).

## STATEMENT OF THE FACTS

### I.  FAMU's Tenure and Promotion Process

The FAMU College of Law ("COL") has published guidelines on its promotion and tenure process. (Doc. 75-3 at 82:7-84:8; Doc. 75-3 at 333-36; Doc. 75-1 at ¶ 7). The tenure and promotion standards include scholarship, teaching, and service. (Doc. 75-3 at 83:5-10). Once a professor timely applies for promotion and tenure with required supporting materials, the application is first

reviewed by the COL Retention, Promotion, and Tenure Committee ("RPT"). (Doc. 75-3 at 79:23-81:12, 88:21-89:18; Doc. 75-3 at 333). The COL RPT then makes a recommendation to the Dean for independent review. (Doc. 75-3 at 88:21-89:18; Doc. 75-3 at 333; Doc. 75-1 at ¶ 10). After the Dean makes a recommendation, FAMU's college-wide review committee, comprised of professors from different disciplines (the "University Committee"), reviews the application. *Id.*

Recommendations are made at each level of review; however, neither the committees nor the Dean have final decision-making authority. (Doc. 75-3 at 88:21-89:18; Doc. 75-3 at 333; Doc. 75-1 at ¶ 11). The recommendations are provided to FAMU's Provost and President, and recommendations for tenure must receive final approval from the Board of Trustees. (Doc. 75-3 at 82:17-83:4, 88:21-89:18, 162:21-163:4). Final approval of recommendations for promotion are made by the President or his designee. (Doc. 75-3 at 163:5-17; Doc 75-1 at ¶ 12). At FAMU, the Provost is the delegated employment decisionmaker. (Doc. 75-1 at ¶¶ 12-14; Doc. 37-2 at ¶ 8).

## II.   Appellant's employment, promotion, and tenure at FAMU.

The COL hired Appellant as an Assistant Professor on August 10, 2009. (Doc. 75-3 at 70:1-71:12; Doc. 75-3 at 330-31). Her initial salary was $95,000.00 under a nine-month teaching contract. *Id.* at 330-31.

For the 2012-2013 academic year, Appellant applied for promotion to the rank of Associate Professor, which was approved effective August 6, 2012. (Doc. 75-3 at 75:16-77:24; Doc. 75-3 at 332). Appellant received an increase in compensation with her promotion. *Id.* at 78:4-7, 78:22-25.

For the 2015-2016 academic year, Appellant applied for tenure and her application was reviewed pursuant to the established procedures. The COL RPT did not recommend Appellant for tenure, but she does not know what the RPT discussed or did when considering her application. *Id.* at 90:4-12, 80:6-14. On subsequent review, COL Dean LeRoy Pernell recommended Appellant for tenure. *Id.* at 91:1-9. However, the FAMU University Committee did not recommend Appellant for tenure. *Id.* at 337, 92:6-9. Following review of the recommendations by Provost Marcella David and FAMU's President, Appellant was nominated for and was awarded tenure by the FAMU Board of Trustees. *Id.* at 338, 92:13-93:23.

### III. **Appellant's Charge of Discrimination, continued employment with FAMU, and eventual promotion to Full Professor.**

For the 2019-2020 academic year, Appellant applied for promotion to the rank of Full Professor. (Doc. 75-3 at 104:11-14, 112:6-115:21). As part of her application, Appellant submitted publication materials to be considered for promotion and tenure, and those materials were evaluated by both the COL RPT and the University Committee, as well as external evaluators. *Id.* at 126:7-128:23. Her application was reviewed by the COL RPT, COL Dean, University

Committee, and Provost in accordance with FAMU's promotion procedures. *Id.* at 104:11-14, 112:6-115:21.

The COL RPT did not recommend Appellant to promotion to Full Professor because she did not meet scholarship standards. *Id.* at 118:20-121:15, 122:12-20, 339-46. In reaching this conclusion, the COL RPT considered the scholarship Appellant published since obtaining tenure, and determined that post-tenure, she had not produced scholarly articles that satisfied the scholarship standard. *Id.* at 339-46.

After the COL RPT Review, LeRoy Pernell, then Interim Dean of the COL, reviewed Appellant's application for Full Professor and declined to recommend promotion, as did the University Committee. *Id.* at 170:5-171:18. Following an independent review and consideration, then-Provost Maurice Edington[3] denied Appellant's request for promotion to Full Professor. Appellant was notified of the decision by letter dated July 24, 2019. (Doc. 75-3 at 171:23-173:12, 347; Doc. 75-2 at ¶¶ 4-5, 11; Doc. 75-2 at 5). A more detailed explanation of the reason for the denial was provided by Provost Edington in subsequent correspondence to Plaintiff dated August 17, 2019. (Doc. 75-3 at 180:5-181:20, 348; Doc. 75-2 at ¶ 6; Doc. 75-2 at 6). In evaluating Appellant's application for

---

[3] At the time of the denial of Plaintiff's promotion, as Provost, Maurice Edington was FAMU President, Dr. Larry Robinson's, appointed designee and decisionmaker with respect to faculty promotion decisions.

promotion to Full Professor, it is undisputed that Provost Edington did not consider her race, color, sex, nationality or any other protected category. (Doc. 75-2 at ¶ 12).

On May 29, 2020, Appellant filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC Charge"). (Doc. 75-3 at 198:2-200:18, 350-53). The EEOC Charge alleged that FAMU discriminated against Appellant based on her race (Latina), color (light skinned), sex (female), national origin (Nicaraguan),[4] and that FAMU retaliated against her. *Id.* at 350-53.

Thereafter, Appellant continued working as a tenured, Associate Professor at FAMU COL; she was not demoted or terminated, nor did her pay change. *Id.* at 185:12-186:12. For the 2021-2022 academic year, Appellant reapplied for promotion to Full Professor, which was approved on August 9, 2021, following review by the COL RPT, COL Dean Deidre Keller, the University Committee, and Provost Maurice Edington. *Id.* at 188:19-195:15. Appellant received notice of her promotion to Full Professor by a letter from FAMU President Robinson on July 21, 2021. *Id.* at 349.

---

[4] Plaintiff did not assert a claim for discrimination based on national origin in her Second Amended Complaint.

## STANDARD OF REVIEW

A district court's grant of summary judgment is reviewed *de novo*, viewing all evidence in the light most favorable to the non-moving party. *Owen v. I.C. Sys., Inc.*, 629 F.3d 1263, 1270 (11th Cir. 2011). A movant is entitled to summary judgment if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).

A district court's ruling on a motion to extend a deadline after the expiration of the deadline is reviewed for an abuse of discretion. *Destra v. Demings*, 725 F. App'x 855, 859 (11th Cir. 2018). Under the exacting abuse-of-discretion standard, the appellate court will leave a district court's ruling undisturbed absent a clear error of judgment or application of a wrong legal standard. *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1307 (11th Cir. 2011). A district court's decision to enforce the deadlines in its scheduling order is also reviewed for an abuse of discretion. *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998).

## SUMMARY OF THE ARGUMENT

Appellant's primary argument is that this case was not decided on the merits due to "the onset of physical incapacity." (I.B. at 45). While her alleged medical emergency may be outside of her control, Appellant's alleged inability to comply with the Court's CMSO and the Federal Rules of Civil Procedure, or diligently

prosecute the underlying lawsuit, were well within her control. Appellant simply failed to do so. The District Court properly granted summary judgment because Appellant failed to cite any record evidence to support her claims or establish a prima facie case on her alleged claims. Even if Appellant had been permitted to present her later-acquired evidence to the District Court, summary judgment would still be proper. The evidence she filed in support her motion to file a corrected response would not have (i) established a prima facie case, (ii) refuted FAMU's legitimate non-discriminatory reasons, or (iii) shown that FAMU's reasons for denying her promotion were pretextual.

The District Court also applied the correct standard to Appellant's request to file a "corrected" summary judgment response and supplemental evidence after the CMSO deadline expired. Appellant has not and cannot show the excusable neglect necessary to meet the standard under Federal Rule of Civil Procedure 6(b)(1)(B) to secure an extension of a deadline after its expiration.

Nor did Appellant demonstrate the diligence required by Federal Rule of Civil Procedure 16(b)(4) to modify the CMSO and reopen discovery and extend the dispositive motion deadline just two months before the trial date. This was not the first time in the litigation that the District Court properly found Appellant had failed to show diligence when asking for an extension of a CMSO deadline. While Appellant dedicates a significant portion of her brief attacking FAMU's Answer

and Affirmative Defenses to her 96-page complaint, she wholly fails to explain how the District Court abused its discretion or made a clear error of judgment. Accordingly, the District Court's Orders should be affirmed.

## ARGUMENT

**I.     The District Court properly granted summary final judgment on all counts of the Second Amended Complaint.**

Summary judgment is appropriate if the record evidence demonstrates there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). An issue of fact is material if, under the applicable substantive law, it might affect the outcome of the case. *Hickson Corp. v. N. Crossarm Co.,* 357 F.3d 1256, 1259-60 (11th Cir. 2004). In response, the non-moving party must make a sufficient showing on each essential element of their case for which they bear the burden of proof. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). "A mere 'scintilla' of evidence supporting [the non-movant's] position will not suffice; there must be enough of a showing that the jury could reasonably find for [the non-movant]." *Walker v. Darby,* 911 F.2d 1573, 1577 (11th Cir. 1990) (*citing Anderson v. Liberty Lobby*, 447 U.S. 242 (1986)).

Federal Rule of Civil Procedure 56 "requires the nonmoving party to go beyond the pleadings and[,] by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that

there is a genuine issue for trial.'" *Celotex,* 477 U.S. at 324 To demonstrate the existence of a genuine dispute of material fact, Appellant was required to cite specific parts of the record evidence that refute FAMU's Statement of Material Facts. *See id.*; Fed. R. Civ. P. 56(c). In doing so, and as plainly specified in the CMSO, Appellant was required to "provide pinpoint citations to the pages and lines of the record supporting each material fact . . . [g]eneral references to a deposition are inadequate." (Doc. 26 at 6-7).

Appellant contends the District Court erred by granting summary judgment in favor of FAMU. Without any legal citation or basis for her argument, Appellant argues the District Court's failure to acknowledge her request to file a late, revised response with supplemental evidence, is grounds for reversal. However, the District Court was under no obligation to acknowledge her request for a late submission in its Order. Nor does this argument provide any basis to reverse the District Court's Order as an abuse of discretion.

The District Court granted FAMU's summary judgment motion based on the facts and evidence before it, which were largely undisputed by Appellant. The District Court properly acted within its discretion under the governing rules to treat as undisputed FAMU's Statement of Facts. Indeed, Rule 56 succinctly provides "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: . . . (2)

consider the fact undisputed for purposes of the motion." Fed. R. Civ. P. 56(e). The Local Rules for the Middle District of Florida likewise provide, "[i]f a party fails to timely respond, the motion is subject to treatment as unopposed." M.D. Fla. Loc. R. 3.01(c). While Appellant argues "the evidence amply demonstrated that there were many genuine issues of material fact that should have been decided by a jury," she failed to include any of this evidence in her summary judgment response or cite any record evidence supporting any alleged "genuine issues of material fact." (I.B. 62).

In her Initial Brief, Appellant now, for the first time on appeal, seeks to introduce alleged facts and evidence that were not included in the District Court's review at summary judgment. (I.B. 62-63). Specifically, Appellant argues in her Initial Brief that President Robinson allegedly "admitted that the College of Law RPT Committee did not use the proper scholarship standard to deny Appellant's application for promotion" and that he "admitted the pretext reason for the denial of promotion and the race discrimination that Appellant complained about for years"—yet she includes no record citation supporting these alleged facts. (I.B. at 63). Tellingly, she provides no record cites to where she articulated such arguments in her summary judgment response with pinpoint record citations supporting her allegations. Because such alleged facts and evidence were not properly before the District Court, they are not properly before this Court. *Glover*

*v. City of Pensacola*, 372 F. App'x 952, 955 (11th Cir. 2010) ("The City argues . . . the district court would have granted it summary judgment even considering all of the Plaintiffs' evidence. We decline, however, to review the evidence for the first time on appeal.").

Even if these factual allegations were included in Appellant's summary judgment Response and were accurate representations of the record—which they are not—it would not have changed the District Court's summary judgment ruling. None of the alleged facts permit a reasonable factfinder to conclude that the reasons given for denying Appellant's application for promotion were not the real reasons, and that the real reason was intentional discrimination. *Combs v. Plantation Patterns*, 106 F.3d 1519, 1538 (11th Cir. 1997). Nor did Appellant establish a "convincing mosaic" of circumstantial evidence that would allow a reasonable factfinder to infer intentional discrimination. *Tynes v. Fla. Dep't of Juv. Just.*, 88 F.4th 939, 947 (11th Cir. 2023). Appellant failed to set forth any record evidence that the decisionmaker denied her promotion based on intentional discrimination, and thus failed to address the ultimate issue with respect to her discrimination claim.

Appellant's allegations are also insufficient to prove that the harassment she allegedly experienced was so severe or pervasive as to prove her claim for hostile work environment. (Doc. 153 at 10-13); *Mendoza v. Borden, Inc.*, 195 F.3d 1238,

1245 (11th Cir. 1999). This alleged evidence also fails to remedy her failure to demonstrate a causal connection or retaliatory conduct required to prevail on her retaliation claim. (Doc. 153 at 13-14); *DeBose v. USF Bd. of Trs*., 811 F. App'x 547, 557 (11th Cir. 2020). Accordingly, even considering the evidence Appellant now cites to support the allegations of her operative Complaint, that evidence is insufficient to establish a prima facie case and survive summary final judgment.

## II. The District Court properly denied Appellant's Motion to Replace her Response in Opposition to FAMU's summary judgment motion with supplemental evidence.

Appellant next argues the District Court erred by failing to grant her an enlargement of time to file her "Corrected Response" and tardy supplemental evidence in opposition to FAMU's Motion for Summary Judgment. A party seeking the extension of an already-expired deadline must show both good cause *and* excusable neglect. *See* Fed. R. Civ. P. 6(b)(1)(B); *Payne v. C.R. Bard, Inc.*, 606 F. App'x 940, 944 (11th Cir. 2015). To establish "good cause" a party must show that "the schedule cannot be met despite the diligence of the party seeking the extension." *Oravec v. Sunny Isles Luxury Ventures, L.C.,* 527 F.3d 1218, 1232 (11th Cir. 2008) (quoting *Sosa*, 133 F.3d at 1418). In determining whether a party has shown "excusable neglect" warranting an extension, a district court considers all pertinent circumstances, including "the danger of prejudice to the nonmovant, the length of the delay and its potential impact on judicial

proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Advanced Estimating Sys. v. Riney,* 77 F.3d 1322, 1325 (11th Cir. 1996) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

Here, the District Court properly found Appellant failed to show diligence and excusable neglect. Notably, Appellant does not argue the District Court applied the wrong standard under Rule 6, or that it made findings of fact that were clearly erroneous. Rather, she vaguely argues the District Court erred because it did not use its "inherent power in the interest of justice" to grant her an extension of time to respond to FAMU's Summary Judgment. (I.B. at 52).

In support of her argument, Appellant cites *Glover v. City of Pensacola*, 372 F. App'x 952 (11th Cir. 2010)(I.B. at 53), which found the district court abused its discretion in denying the plaintiffs' motion to untimely file their summary judgment response. *Id.* at 955. However, the district court's ruling in *Glover* differs significantly from the circumstances of this action. In *Glover,* the district court "created confusion" by "changing [p]laintiffs' response deadline from 20 days to 14 days after the time to respond had begun to run." *Id.* at 954.

By contrast here, Appellant was given ample time to respond to FAMU's summary judgment motion. The Middle District of Florida Local Rules allow

twenty-one (21) days to respond to a motion for summary judgment. *See* M.D. Fla. Loc. R. 3.01(c). However, the District Court's CMSO generously allows for thirty (30) days to respond to a motion for summary judgment. (Doc. 26 at 6). Additionally, Appellant was granted three *unopposed* extensions of time to respond to FAMU's summary judgment motion. (Docs. 79, 80, 82, 83, 87, 89). Hence, Appellant was given ample time to prepare and file her response. And she even admits there was *no confusion* as to the deadline for her response, distinguishing this case from *Glover*. (Doc. 102 at ¶ 5).

Appellant then compares the instant case to *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353 (11th Cir. 1997), arguing the District Court "abdicate[d] its responsibility to manage a case" when it took FAMU's Motion to Dismiss under advisement until after the deadline for discovery and dispositive motions,[5] and then declined to permit her to reopen discovery and dispositive motions. (I.B. 53-54). *Chudasama* is likewise distinguishable here. In *Chudasama,* this Court found the litigant's rights were materially prejudiced by the district court's failure to rule on significant pretrial motions prior to issuing a dispositive order. 123 F.3d at 1367.

---

[5] Curiously, Appellant attacks the District Court for what she perceives as a delay in "manag[ing] the case," even though it was decided multiple times throughout the litigation that Appellant herself was not diligent in prosecuting the single case she filed in federal court. (Docs. 72, 124, 125). FAMU notes that during the pendency of this litigation, the District Court Judge was managing two federal court dockets in the Orlando Division and the Jacksonville Division, with hundreds of cases on each docket.

Here, FAMU's Motion to Dismiss was predicated on shotgun pleading grounds. If successful, the entire case would have been disposed of, not just certain claims that would have required the parties to engage discovery on isolated facts relevant to only those particular claims, as in *Chudasama*.

Appellant argues the District Court denied her "day in court" and that her claims did not receive the review to which she was entitled. (I.B. at 65). To the contrary, a simple review of what she sought to submit as her "Corrected Response" makes plain that the District Court did not deny Appellant her "day in court" or "penalize[ed] Plaintiff" for her alleged medical issues. Rather, Appellant attempted to file a substantive sur-reply after having the benefit of reviewing FAMU's Reply to her inadequate Response. She also attempted to file six additional affidavits which were never referenced in her original response, some of which are dated after her deadline to respond. The District Court logically recognized Appellant's thinly veiled attempt to simply "correct an unedited response" was actually an "attempt[] to supplement her response." (Doc. 124 at 3).

Appellant had ample opportunity—including three unopposed extensions—to adequately prepare and submit her summary judgment response and supporting evidence to the District Court. Her failure to abide by the Court's procedures and long-established deadlines does not, as Appellant argues, deny a litigant their day in court. What Appellant sought to file was a sur-reply to address the deficiencies

in her original response and provide supplemental evidence that she believed would allow her to meet her burden on summary judgment. The District Court declined to countenance Appellant's blatant attempted circumvention of rules, and FAMU requests that this Honorable Court do the same.

## III. The District Court properly denied Appellant's Motion to Reopen Discovery.

Finally, Appellant argues the District Court abused its discretion in denying her request to extend multiple expired CMSO deadlines. District courts are required to enter a scheduling order that "must limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3)(A). Such orders "control the subsequent course of the action" and "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); Fed. R. Civ. P. 16 Advisory Committee Notes. This good cause standard precludes modification unless the schedule cannot "be met despite the diligence of the party seeking the extension." *Sosa*, 133 F.3d at 1418; *Destra*, 725 F. App'x at 859. A Scheduling Order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Payne v. Ryder Sys., Inc. Long Term Disability Plan*, 173 F.R.D. 537, 540 (M.D. Fla. 1997) (quoting *Forstmann v. Culp*, 114 F.R.D. 83, 85 (M.D.N.C. 1987). Recognizing the perils of disorderly litigation, this Court "has consistently held that motions filed after a deadline imposed by a court should be denied as untimely." *Id*.

On appeal, Appellant does not argue she met the good cause standard under Rule 16(b), nor does she explain how the District Court made a "clear error of judgment" or was "manifestly erroneous." *Deepwater Horizon BELO Cases*, 119 F.4th 937, 944 (11th Cir. 2024) (explaining the abuse of discretion standard); *Davidson v. MTD Prods. Co.*, No. 24-11504, 2025 WL 289477, at *3 (11th Cir. Jan. 24, 2025). Tellingly, Appellant cites not a single case to support her argument. Instead, she complains about FAMU's allegedly deficient Answer and Affirmative Defenses. But she did not assert that FAMU's Answer "violated the general rules of pleading in Federal Rule of Civil Procedure 8(b)," and that issue is not properly before this Court on appeal. It is also unclear how FAMU's allegedly deficient Answer provides Appellant good cause under Rule 16 to extend the CMSO deadlines or how that would have impacted the disposition of the case.

The District Court properly found that Appellant failed to exercise diligence under the good cause standard, and therefore, an extension of the CMSO was not warranted. A review of the record reveals that, throughout the course of these proceedings, Appellant failed to demonstrate good cause. She filed her original Complaint in August 2022 and discovery commenced in January 2023. Under the CMSO, discovery closed on May 31, 2024. (Doc. 26). Appellant had 17 months to conduct discovery. During that time, she served no written discovery requests, nor did she request any depositions until FAMU sought to depose her in March 2024.

In the two weeks prior to the discovery deadline, Appellant took three depositions and then requested an extension of the discovery deadline. (Doc. 51). In denying her first request for an extension of the discovery deadline, the District Court found Appellant could not meet the diligence requirement because she waited 15 months before conducting discovery. (Doc. 72).

Despite her obvious lack of diligence, Appellant again sought to extend the discovery deadline after FAMU filed its Answer and Affirmative Defenses in October 2024, but she could not show any diligent effort since her previous request for extension on May 31, 2024. Without this diligence, Appellant cannot show that the District Court made a clear error of judgment by denying her request for an extension of the CMSO deadlines under Rule 16(b), thus warranting affirmance.

## CONCLUSION

Appellee, FAMU, respectfully requests this Honorable Court to render an Opinion affirming the District Court's: (1) Order Granting Summary Judgment (Doc. 153); (2) Order Denying Plaintiff's Motion to Replace Plaintiff's Response in Opposition to Summary Judgment (Doc. 124); and (3) Order Denying Plaintiff's Motion to Re-Open Discovery and Summary Judgment (Doc. 125).

## CERTIFICATE OF COMPLIANCE

The undersigned attorneys hereby certify that Appellee's Answer Brief complies with the page limitation and type-volume limitation of Fed. R. App. P. 32(a)(7). This Answer Brief contains 5,561 words, excluding the parts exempted by Fed. R. App. P. 32(f) and 11th Cir. R. 32-4. The undersigned attorneys also certify that Appellee's Answer Brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5), (a)(6) as it was prepared with Times New Roman 14-point font.

**GRAYROBINSON, P.A.**

*/s/* Kristie Hatcher-Bolin_____
**RICHARD E. MITCHELL, ESQ.**
Florida Bar No.: 0168092
rick.mitchell@gray-robinson.com
**SARAH L. REINER, ESQ.**
Florida Bar No.: 520195
sarah.reiner@gray-robinson.com
**JULIE ZOLTY, ESQ.**
Florida Bar No. 1036454
julie.zolty@gray-robinson.com
301 East Pine Street, Suite 1400
Orlando, Florida 32801
Telephone : (407) 843-8880
Facsimile: (407) 244-5690

**KRISTIE HATCHER-BOLIN, ESQ.**
Florida Bar No. 521388
kristie.hatcher-bolin@gray-robinson.com
Post Office Box 3
Lakeland, Florida 33802-0003
Telephone:  (863) 284-2251

Facsimile:  (863) 683-7462
*Attorneys for Appellee*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been filed using the ECF system in compliance with 11th Cir. R. 31-3 and furnished by e-filing electronically using the Court's ECF system and sent via e-mail to Appellant, Maritza Reyes on this 9th day of July, 2025.

GRAYROBINSON, P.A.

*/s/* Kristie Hatcher-Bolin
**RICHARD E. MITCHELL, ESQ.**
Florida Bar No.: 0168092
rick.mitchell@gray-robinson.com
**SARAH L. REINER, ESQ.**
Florida Bar No.: 520195
sarah.reiner@gray-robinson.com
**JULIE ZOLTY, ESQ.**
Florida Bar No. 1036454
julie.zolty@gray-robinson.com
301 East Pine Street, Suite 1400
Orlando, Florida 32801
Telephone : (407) 843-8880
Facsimile: (407) 244-5690

**KRISTIE HATCHER-BOLIN, ESQ.**
Florida Bar No. 521388
kristie.hatcher-bolin@gray-robinson.com
Post Office Box 3
Lakeland, Florida 33802-0003
Telephone:  (863) 284-2251
Facsimile:  (863) 683-7462
*Attorneys for Appellee*

/147530/74#64166467 v1